IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Michael Perea,<br><br>    Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>    Respondents. | No. CIV 07-2028-PHX-ROS (MHB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE ROSLYN O. SILVER, UNITED STATES DISTRICT JUDGE:

   Pending before this Court is Petitioner Frank Michael Perea's *pro se* Amended Petition[1] for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #4). Respondents have filed a Response (Doc. #11), and Petitioner has filed a Reply (Doc. #12). Petitioner raises two claims in his Amended Petition: (1) actual innocence based upon an Arizona Court of Appeals case that clarified the sexual exploitation statutes, and (2) ineffective assistance of trial counsel in failing to raise a constitutional challenge to the sexual exploitation statutes under which Petitioner was convicted. (Doc. #4 at 6-7.) Respondents argue that Petitioner's Amended Petition is untimely under the Antiterrorism and Effective Death Penalty Act, and in any event, Petitioner's claims are Teague-barred or fail on their merits (Doc. #11).

---

   [1] Petitioner's Amended Petition supercedes his initial Petition, which was dismissed by the Court, with leave to amend, on jurisdictional grounds for having failed to name the proper party defendant (Doc. #3).

**BACKGROUND**

Petitioner was indicted in the Maricopa County Superior Court on June 1, 2001, on four counts of Sexual Exploitation of a Minor, class 2 felonies and dangerous crimes against children, in violation of A.R.S. § 13-3553. (Doc. #11, Exh. A.) Specifically, the indictment alleged that on November 22, 2000, Petitioner "knowingly distributed, transported, exhibited, received, sold, purchased, electronically transmitted, possessed or exchanged any visual depiction ... in which a minor under fifteen years of age is engaged in exploitive exhibition or other sexual conduct." The four counts are identical with the exception that each alleges a separate computer file image.

Petitioner waived his right to a jury trial, and a trial to the court commenced. (Doc. #11, Exh. D at 2-3.) Petitioner and the state prosecutor stipulated during the trial to Dr. Jennifer Geyer's opinion that the images depicted in the computer files involved children under the age of 15, but that she could not confirm that the images involved real children. (Doc. #11, Exh. D, App. A.) Petitioner was convicted on all counts. (Doc. #11, Exh. D at 3.) On April 16, 2002, the United States Supreme Court decided Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002), which found unconstitutional a federal law that made it a crime to possess child pornography without proof that the image involved a real or identifiable child, as opposed to a computer-generated image.

Subsequently, on May 13, 2002, Petitioner and the state prosecutor stipulated that Petitioner's judgment be vacated, and Petitioner agreed to enter a plea of guilty to Amended Counts 1 and 2 of the Indictment, attempted exploitation of a minor, pursuant to A.R.S. §§ 13-1001, -3553, both class 3 felonies and dangerous crimes against children in the second degree. (Doc. #11, Exh. A; Exh. D at 3.) In his factual basis, Petitioner admitted to the possession of two computer images depicting minors under the age of 15 engaged in a sexually exploitive position. (Doc. #11, Exh. D at 3-4.) On May 15, 2002, Petitioner was sentenced pursuant to the plea agreement to lifetime probation on Count 1, and five years in prison on Count 2. Petitioner completed his prison sentence, and was released from the Department of Corrections on May 6, 2006. (Doc. #11, Exh. L; Doc. #12 at 3.)

1    Petitioner filed a timely *pro se* Petition for Post-Conviction Relief on August 13, 2002. (Doc. #11, Exh. C.) An attorney from the Legal Advocate's Office was appointed and filed a Petition for Post-Conviction Relief on Petitioner's behalf on October 6, 2003. (Doc. #11, Exh. D.) In that Petition, counsel for Petitioner argued that a recent Arizona Court of Appeals case, decided just a few months before, had rendered Petitioner's plea "baseless." (Doc. #11, Exh. D at 1.) In that case, State v. Hazlett, 73 P.3d 1258 (Ariz. Ct. App. 2003), the Court upheld the constitutionality of A.R.S. § 13-3553, the statute under which Petitioner was convicted, and held unconstitutional A.R.S. §§ 13-3555 and -3556. Specifically, the Court found that A.R.S. § 13-3553 did not suffer from the same constitutional defects that the United States Supreme Court had found the federal child pornography statute to suffer from in Ashcroft v. Free Speech Coalition. Hazlett, 73 P.3d at 1262. The Court held that the language of the statute was sufficiently clear to establish that a violation of the statute must involve an image of an actual child. Id. at 1263.

Petitioner's counsel argued that Petitioner's conviction must be vacated because Petitioner's guilty plea did not include an admission that the child pornography that Petitioner possessed involved the depiction of an actual child. (Doc. #11, Exh. D.) On April 4, 2004, the trial court found that Petitioner had presented no colorable claim for relief and dismissed his Petition. (Doc. #11, Exh. E.) Petitioner filed a Petition for Review of that decision in the Arizona Court of Appeals. (Doc. #11, Exh. F.) One June 14, 2005, his Petition was summarily denied. (Doc. #11, Exh. G.) A Petition for Review to the Arizona Supreme Court was then filed, and subsequently, on February 8, 2006, also summarily denied. (Doc. #11, Exh. H.) Petitioner then filed a Petition for a Writ of Certiorari to the United States Supreme Court. The Court denied the Petition on October 2, 2006. (Doc. #11, Exh. K.) Petitioner filed his original Petition for Writ of Habeas Corpus on October 17, 2007. (Doc. #1.)

///

## LEGAL ANALYSIS

I.     Timeliness under the AEDPA

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1). A state prisoner must file a federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). "[T]he period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition." Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

"The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see Lott, 304 F.3d at 921. In the instant case, Petitioner timely filed a post-conviction relief petition in state court, and his pursuit of redress through Arizona appellate courts and ultimately to the United States Supreme Court tolled the statute of limitations under the AEDPA. Thus, he was required to file his Petition within one year of October 2, 2006, the date the Supreme Court denied review. He did not. He filed his Petition on October 17, 2007. Petitioner claims that he should be excused from the filing deadline because he was given incorrect filing instructions by the Federal Public Defender's Office. (Doc. #12 at 3.)

Petitioner sets forth the history of his contact with that office in his Reply, which has attached thereto a copy of two letters and an affidavit signed by Assistant Federal Public Defender Dan Kaplan (Doc. #12): Petitioner claims that he contacted Kaplan's office requesting assistance in the filing of his Petition. The letter and affidavit signed by Kaplan on November 6, 2007, confirm that Petitioner contacted him in June, 2007, and that Kaplan had several phone conversations with Petitioner on June 6, 2007. During these conversations, Kaplan informed Petitioner that his office could not represent Petitioner, but that he would assist Petitioner "to the extent possible," including discussing with him on

- 4 -

timeliness issues. On June 11, 2007, Kaplan wrote Petitioner a letter, attaching a copy of documents entitled "Information and Instructions for Filing a Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of Arizona." (hereinafter, "instructions") (Doc. #12.)

Petitioner claims that these instructions gave the former mailing address of the Phoenix courthouse and that Petitioner had mailed his Petition to that address on September 20, 2007.[2] His Petition was thereafter returned, and Petitioner then re-mailed his Petition to the correct courthouse address. Petitioner claims that were it not for this error in mailing instructions, his Petition would have been timely filed. In his affidavit, Mr. Kaplan avows that he obtained these instructions from a colleague in his office, and, although he did not save a copy, and has no independent recollection of the contents of the instructions, does not have any "reason to doubt" Petitioner's claims. For purpose of this analysis, the Court finds Petitioner's and Mr. Kaplan's factual assertions, as stated above, to be true.

The Ninth Circuit has previously applied the doctrine of equitable tolling to the AEDPA limitations period. Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001). Respondents argue that the United States Supreme Court opinion in Bowles v. Russell, ___ U.S. ___, 127 S.Ct. 2360 (2007), established that the AEDPA limitations period is jurisdictional, and therefore equitable tolling does not apply. This Court disagrees, and concurs with the Second Circuit's analysis in Diaz v. Kelly, 515 F.3d 149, 153-54 (2nd Cir. 2008):

> [I]t would be an unwarranted extension of *Bowles* to think that the Court was impliedly rendering equitable tolling inapplicable to limitations periods just because they are set forth in statutes. Since a statute of limitations is a defense, *see* Fed.R.Civ.P. 8(c), it has not been regarded as jurisdictional, *see Day v.*

---

[2] Petitioner attached a copy of these instructions (containing the incorrect courthouse address), as well as his certified mail receipt confirming his mailing of his Petition on September 20, 2007, to the incorrect address, to his Addendum to Petition for Writ of Habeas Corpus. (Doc. #5.) In that Addendum, filed simultaneously to the filing of his Amended Petition, he requested that his filing date be back-dated to September 24, 2007. That request was denied by the District Court, although the Court specifically made no finding with respect to any equitable tolling issues that might arise. (Doc. #6 at 3 n.1.)

> *McDonough*, 547 U.S. 198, 205, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006) (AEDPA limitations period), and has been subject to equitable tolling, *see Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95-96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). We think it remains so after *Bowles*.
>
> The Supreme Court's recent decision in *John R. Sand & Gravel Co. v. United States*, ___ U.S. ___, 128 S.Ct. 750, 169 L.Ed.2d 591 (2008), confirms our view. The Court there noted that most limitations periods are non-jurisdictional affirmative defenses and are subject to equitable tolling, *see id.* at 753-54, and viewed the limitations period governing suits against the United States in the Court of Federal Claims as jurisdictional only because a long line of prior decisions had so held and were entitled to adherence under principles of *stare decisis*, *see id.* at 756.

See also Lawrence v. Florida, ___ U.S. ___, 127 S.Ct. 1079, 1085 (2007) (assuming, without deciding, that equitable tolling applies to federal habeas proceedings).

Petitioner claims that were it not for the Assistant Federal Public Defender's error in giving him the wrong address for the courthouse, he would have timely filed his Petition, and for this reason is entitled to equitable tolling. A petitioner must demonstrate "extraordinary circumstances beyond [his] control [that] make it impossible to file a petition on time." Spitzyn v. Moore, 345 F.3d 796, 799 (9th Cir. 1999), quoting Brambles v. Duncan, 330 F.3d 1197, 1202, amended in other respects by 342 F.3d 898 (9th Cir. 2003). Petitioner bears the burden of establishing that he is entitled to equitable tolling. Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002). "[T]he threshold necessary to trigger equitable tolling [under the AEDPA] is very high, lest the exceptions swallow the rule." Spitzyn, 345 F.3d at 799, quoting Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). See also Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (equitable tolling is "unavailable in most cases").

Negligence by counsel has been found not to qualify as extraordinary circumstances warranting equitable tolling.[3] Miranda, 292 F.3d at 1068 (attorney miscalculation of due date is not a circumstance justifying equitable tolling, even though petitioner filed his petition within time period calculated by the attorney, but 53 days after the correct AEDPA due date;

---

[3] It is important to note that in many of the cases addressing this issue, the negligence was on the part of a petitioner's counsel; in this case, the purported negligent conduct was on the part of an attorney who was not representing Petitioner, but was simply contacted by Petitioner inquiring as to the availability of public defender representation.

- 6 -

the Court noted it was joining six other circuits in so holding); Malcom v. Payne 281 F.3d 951, 962 (9th Cir. 2002) (no equitable tolling where counsel chose to pursue clemency and limitations period expired during that pursuit); Frye v. Hickman, 273 F.3d 1144, 1145-46 (9th Cir. 2001), cert. denied, 535 U.S. 1055 (2002) (counsel's general negligence does not warrant equitable tolling).  The fact that prison officials had given Petitioner the wrong address for the courthouse has also been held not to constitute extraordinary circumstances. United States v. Davis, 2007 WL 1108924 (D. Ariz., Apr. 13, 2007).

Petitioner was released from prison on May 6, 2006, well over a year before he filed his Petition.  The Court had moved from the old address, where his Petition had been mailed, more than seven years before.  The Assistant Federal Public Defender sent Petitioner a letter on June 11, 2007, in which he warned Petitioner that he was facing a statute of limitations problem and urged him to file his Petition as quickly as possible; he had also urged him in phone conversations to do the same. (Doc. #12 at 8 §§ 3, 4.)  Petitioner offers no explanation as to why he, despite these warnings, did not file his Petition until months later.

Petitioner cannot argue that his own ignorance or mistakes justifies his lack of due diligence because he is proceeding *pro se*.  "[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); see Donovan v. Maine, 276 F.3d 87, 94 (1st Cir. 2002).  "[C]ourts have been loath to excuse late filings simply because a *pro se* prisoner misreads the law."  Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001).

Petitioner has not demonstrated that he is entitled to equitable tolling, and thus his Petition is untimely under the AEDPA.  Even if this Court was to conclude otherwise, Petitioner's claims fail on their merits. The crux of Petitioner's claims is that he is actually innocent because he plead guilty to A.R.S. § 13-3553, the Sexual Exploitation of a Child statute, which requires proof that the images contained in the prohibited materials be of

actual children.[4]  Petitioner claims that no such proof was presented in his case.  As noted above, however, Petitioner plead guilty to the crime of Attempted Exploitation of a Minor in violation of A.R.S. §§ 13-1001, -3553.  An attempt is an inchoate crime, and therefore does not require that the actor complete the offense, only that he intends to and makes a substantial step toward its completion.  A.R.S. § 13-1001; Mejak v. Granville, 136 P.3d 874, 878 (Ariz. 2006).

"[I]t is well-settled in Arizona that factual impossibility is not a defense to attempt." State v. Carlisle, 8 P.3d 391, 396 (Ariz. Ct. App. 2000) (defendant could still be convicted of attempted sexual conduct with a minor even though the "victim" was a reporter pretending to be a 14-year old boy).  Federal courts have also affirmed that under the federal child pornography statutes, a defendant could be convicted of attempt, even though the victim was an undercover law enforcement officer posing as a minor.  United States v. Johnson, 376 F.3d 689, 694 (7th Cir. 2004) ("Because it was factually impossible for [the defendant] to complete the offense, he can only be subject to prosecution for an attempt to manufacture child pornography.").  Because Petitioner pled guilty to attempted sexual exploitation of a minor, his claim of actual innocence must fail.

**IT IS THEREFORE RECOMMENDED:**

That the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #4) be **DENIED** and **DISMISSED WITH PREJUDICE;**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.  The parties shall have ten days from the date of service of a copy of this Recommendation within which to file specific written objections with the Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have ten days within which to file a

---

[4] Petitioner raised the issue in state court after the Arizona Court of Appeals clarified, in State v. Hazlett, that the statute at issue is "reasonably construed as requiring that the material prohibited under this statute depict an actual child ... ."  73 P.3d at 1266.

1 response to the objections.  Failure to timely file objections to the Magistrate Judge's Report
2 and Recommendation may result in the acceptance of the Report and Recommendation by
3 the district court without further review.  See United States v. Reyna-Tapia, 328 F.3d 1114,
4 1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the
5 Magistrate Judge will be considered a waiver of a party's right to appellate review of the
6 findings of fact in an order of judgment entered pursuant to the Magistrate Judge's
7 recommendation.  See Fed. R. Civ. P. 72.

8 DATED this 24th day of March, 2008.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge