1
2
3
4
5
6                 IN THE UNITED STATES DISTRICT COURT
7                    FOR THE DISTRICT OF ARIZONA
8
9   Frank Michael Perea,              )   No. CV 07-2028-PHX-ROS
                                      )
10              Petitioner,           )   **ORDER**
                                      )
11  vs.                               )
                                      )
12                                    )
    Dora Schriro, et al.,             )
13                                    )
                Respondents.          )
14                                    )
                                      )
15  _____)
16

17         On March 25, 2008, Magistrate Judge Michelle H. Burns filed a Report and
18  Recommendation ("R&R") recommending that Frank Perea's Amended Petition for Writ of
19  Habeas Corpus be denied.  (Doc. 14).  For the reasons below, the R&R will be adopted.
20                              **BACKGROUND**
21         The R&R sets forth the background of this case, to which neither party objected, so
22  the Court adopts it as an accurate recital.  In brief, Petitioner pleaded guilty to two counts of
23  attempted exploitation of a minor.  He was sentenced pursuant to the plea agreement to
24  lifetime probation on Count 1, and five years imprisonment for Count 2.  This judgment
25  became final on October 2, 2006.  Petitioner filed his original petition on October 17, 2007,
26  and an amended petition on November 2, 2007.
27         Petitioner alleged two grounds for habeas relief: (1) actual innocence based up an
28  Arizona Court of Appeals case that clarified the sexual exploitation statutes, and (2)

1   ineffective assistance of trial counsel for failure to raise a constitutional challenge to the
2   sexual exploitation statute.

3       The Magistrate Judge recommended that the amended petition be dismissed for
4   untimeliness.  Specifically, the Magistrate Judge found that Petitioner's petition was fifteen
5   days late under AEDPA's one-year statute of limitations.  And, although the petition was late
6   because Petitioner relied upon a courthouse address provided by the Federal Public
7   Defender's Office, the Magistrate Judge found that Petitioner's mistake did not warrant
8   equitable tolling of the statute of limitations.  Petitioner timely filed an objection.

9                              **STANDARD OF REVIEW**

10      The Court "may accept, reject, or modify, in whole or in part, the findings or
11  recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  Because objections
12  were filed, the Court reviews the Magistrate Judge's findings and recommendations *de novo.*
13  28 U.S.C. § 636(b)(1)(C); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir.
14  2003).

15                                   **ANALYSIS**

16      After a *de novo* review of the record, the Court will adopt the Magistrate Judge's
17  recommendations.  The Ninth Circuit has held that AEDPA's statute of limitations period is
18  subject to equitable tolling.  United States v. Battles, 362 F.3d 1195, 1197 (9th Cir. 2004).
19  The Court agrees with the Magistrate Judge's conclusion that Bowles v. Russell, 127 S.Ct.
20  2360 (2007), did not overturn this holding.  See Coker v. Quarterman, No. 05-10020, 2008
21  WL 724042, at *5 n.1 (5th Cir. Mar. 17, 2008) (expressly holding that equitable tolling of
22  AEDPA's statute of limitations survives Bowles); Diaz v. Kelly, 515 F.3d 149, 153-53 (2d
23  Cir. 2008) (same); cf. Harris v. Carter, 515 F.3d 1051, 1054-57 (9th Cir. 2008) (conducting
24  equitable tolling analysis of habeas claim after Bowles);  Laurson v. Leyba, 507 F.3d 1230,
25  1232-33 (10th Cir. 2007) (same).

26      A petitioner seeking equitable tolling must establish two elements: "'(1) that he has
27  been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his
28  way' and prevented timely filing." Lawrence v. Florida, 127 S.Ct. 1079, 1085 (2007)

1  (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  The Court agrees with the

2  Magistrate Judge that Petitioner has not demonstrated an extraordinary circumstance

3  preventing him from timely filing his petition.  See Lawrence, 127 S.Ct. at 1085 ("Attorney

4  miscalculation [of AEDPA's limitations period] is simply not sufficient to warrant equitable

5  tolling, particularly in the postconviction context where prisoners have no constitutional right

6  to counsel."); Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("We now join our

7  sister circuits and hold that a pro se petitioner's lack of legal sophistication is not, by itself,

8  an extraordinary circumstance warranting equitable tolling."); United States v. Marcello, 212

9  F.3d 1005, 1010 (7th Cir. 2000) (refusing to grant equitable tolling where error resulted in

10 petitioner's claim being filed one day late); Eaves v. Burris, 529 F. Supp. 2d 470, 476 (D.

11 Del. 2008) ("To the extent petitioner made a mistake or miscalculation regarding the

12 one-year filing period, that mistake does not warrant equitably tolling the limitations

13 period.").

14        Accordingly,

15        **IT IS ORDERED** that the Report and Recommendation (Doc. 14) is **ADOPTED.**

16        **IT IS FURTHER ORDERED** that the Amended Petition for Writ of Habeas Corpus

17 (Doc. 4) is **DENIED** and **DISMISSED WITH PREJUDICE**.

18        **IT IS FURTHER ORDERED** that the Clerk of Court shall close this case.

19             DATED this 12th day of May, 2008.

_____
Roslyn O. Silver
United States District Judge

- 3 -